IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ROBERT W. JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>CNY REGIONAL MARKET,<br><br>Defendant. | Case No. 24-cv-00393-DKW-RT<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND (2) DISMISSING COMPLAINT[1]** |

On September 13, 2024, Plaintiff Robert Johnson, proceeding *pro se*, filed a Complaint against CNY Regional Market, asserting discrimination, civil rights, and due process claims under 42 U.S.C. § 1983 arising out of his alleged assault in CNY Regional Market's parking lot.  Dkt. No. 1 at 3–4.  That same day, Johnson also filed an application to proceed *in forma pauperis* ("IFP Application").  Dkt. No. 2.

## I.      IFP Application

Pursuant to 28 U.S.C. § 1915(a)(1), federal courts may authorize the commencement of suit without prepayment of fees or securities by a person who submits an affidavit demonstrating the inability to pay.  Though Section 1915(a) does not require an IFP applicant to demonstrate absolute destitution, *Adkins v. E.I.*

---

[1]Pursuant to Local Rule 7.1(d), the Court finds these matters suitable for disposition without a hearing.

*DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), he must nevertheless "allege poverty with some particularity, definiteness, and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quotation marks and citations omitted).  The affidavit is sufficient where it alleges that the applicant "cannot pay the court costs and still afford the necessities of life." *Id.* (citing *Adkins*, 335 U.S. at 339); *see* 28 U.S.C. § 1915(a)(1).

Here, Johnson has satisfied the requirements of Section 1915(a).  In his IFP Application, Johnson states that he receives no income, pay, or wages from any source.[2]  Dkt. No. 2 at 1.  In addition, although he has no expenses, debts, financial obligations, or dependents, he also has no money in cash, or in a checking or savings account, and owns no items or assets of value.  *Id.* at 2.  As such, in light of these figures, the Court finds that Johnson lacks sufficient income or assets to pay the filing fee while still affording the necessities of life.  *See Escobedo*, 787 F.3d at 1234–36.  His IFP Application, Dkt. No. 2, is therefore GRANTED.

## II.   <u>Screening</u>

When a plaintiff files an action *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), the Court subjects it to mandatory screening and may order the

---

[2]Perhaps obviously, this income falls below the poverty threshold identified by the Department of Health and Human Services' ("HHS") 2024 Guidelines for Hawaiʻi.  *See* HHS Poverty Guidelines, available at: https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines.

dismissal of any claim it determines "is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Though the Court must liberally construe a *pro se* complaint, *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court cannot act as counsel for a *pro se* litigant, including by providing the essential elements of a claim.  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citations omitted).

In addition, "federal district courts may only preside over cases for which venue lies."  *Ruhe v. Krall*, 2023 WL 3098330, at *3 (D. Haw. Apr. 26, 2023). Generally, venue for civil claims is governed by Title 28 of the United States Code, Section 1391, which provides that an action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  When a case is brought in the wrong district, the Court must dismiss the case or, if it is in the interest of justice, transfer the case to a proper district.  28 U.S.C. § 1406(a).  In considering whether to dismiss or transfer, the Court must weigh several factors including: the merits of the plaintiff's case, the applicable statute of limitations, judicial economy, the likelihood of the action being re-filed, and the relative injustice that dismissal may impose on both the plaintiff and the defendant.  *See Ruhe*, 2023 WL 3098330, at *4 (citations omitted); *see also Daniels v. Nationwide Gen. Ins. Co.*, 2022 WL 3228144, at *2–3 (D. Haw. Aug. 10, 2022) (explaining that this decision is within the court's discretion).

Here, review of Johnson's Complaint reveals that the District of Hawai'i is not the appropriate venue for his claims.  First, and perhaps most obviously, the sole defendant—CNY Regional Market—can only reasonably be said to reside in New York, not Hawai'i.  *See* Dkt. No. 1 at 2 (providing an address in Syracuse, NY); 28 U.S.C. § 1391(b)(1).[3]  Second, Johnson's claims appear to arise entirely from his alleged "assault[] and injur[y] in the parking lot of CNY REGIONAL MARKET."  *See* Dkt. No. 1 at 4; 28 U.SC. § 1391(b)(2).  Indeed, Johnson's Complaint identifies *only* "2100 PARK ST : Syracuse, NY 13208" as the location

---

[3]Though not relevant under Section 1391, Johnson himself also appears to reside in Syracuse, NY.  Dkt. No. 1.  Why he opted to initiate this civil action in this District some 5,000+ miles away is not clear.

of the events giving rise to his claims.  *See* Dkt. No. 1 at 4.  And third, even if this Court had personal jurisdiction over CNY Regional Market,[4] venue would still be absent, as there is another district in which this case could have been brought—the United States District Court for the Northern District of New York.[5]  *See* 28 U.S.C. § 1391(b)(3); *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 56–57 (2013) (explaining that Section 1391(b)(3) is a "fallback option" which applies only "[i]f no other venue is proper").

As such, Johnson has failed to establish that venue is proper in the District of Hawai'i.  Moreover, upon consideration of the relevant factors, the Court elects to dismiss this case rather than transfer it to the Northern District of New York.  *See* 28 U.S.C. § 1406(a); *Daniels*, 2022 WL 3228144, at *2–3.  Principally, the merit of Johnson's claims is far from clear.  Although Johnson contends that CNY Regional Market engaged in "DISCRIMINATIONS , CIVIL RIGHTS VIOLATIONS AND DUE PROCESS VIOLATIONS" by denying him medical

---

[4] Johnson alleges no facts which would give rise to this Court's exercise of personal jurisdiction over CNY Regional Market.  *See generally* Dkt. No. 1.  For instance, none of Johnson's claims appear to arise out of any contacts that CNY Regional Market may have with Hawai'i.  *See Walden v. Fiore*, 571 U.S. 277, 283–86 (2014).  Moreover, as already discussed above, CNY Regional Market is a resident of New York, not Hawai'i, and there is no indication that any "affiliations with [Hawai'i] are so continuous and systematic as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quotation marks and citation omitted).

[5] The Court takes judicial notice of the fact that Syracuse falls within the Northern District of New York.  *See Syracuse*, U.S. DIST. CT. FOR N. DIST. OF NEW YORK, https://www.nynd.uscourts.gov/content/syracuse (last visited Sept. 16, 2024).

coverage following his assault and injury in its parking lot, he fails to allege *any* meaningful factual details in support of these claims. *See* Dkt. No. 1 at 3–4. In fact, Johnson fails to even identify *which* specific federal rights he believes were violated. *Id.* As such, without more, the Court does not find that the interests of justice suggest transferring this case to the Northern District of New York.[6] This action is therefore DISMISSED WITHOUT PREJUDICE for improper venue pursuant to 28 U.S.C. § 1391(b).

## CONCLUSION

For the reasons stated herein, Johnson's IFP Application, Dkt. No. 2, is GRANTED, and his Complaint, Dkt. No. 1, is DISMISSED WITHOUT PREJUDICE.

The Clerk of Court is instructed to CLOSE this case.

IT IS SO ORDERED.

DATED: September 18, 2024 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

Robert W. Johnson v. CNY Regional Market; Civ No. 24-00393 DKW-RT;
**ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND (2) DISMISSING COMPLAINT**

---

[6] Of course, should Johnson wish to re-file and pursue this case in the Northern District of New York, this Court's decision to dismiss without prejudice permits him to do just that.